UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In re:

| | | |
|---|---|---|
| MEL GARCIA and | : | Case No. 03-25038T |
| CRISTINA DELAPAVA-GARCIA, | | |
| *Debtor(s)* | : | |

--------------------------------------------------------

| | | |
|---|---|---|
| | : | |
| MEL GARCIA and | | |
| CRISTINA DELAPAVA-GARCIA, | : | |
| *Plaintiff(s)* | | |
| | : | |
| *v.* | | Adv. No. 05-2051 |
| | : | |
| CTCE FEDERAL CREDIT UNION, | : | |
| *Defendant(s)* | | |
| | : | |

## **ORDER**

AND NOW, this  20th  day of July, 2005, it is ORDERED that Defendant's motion requesting that we abstain from hearing this adversary proceeding pursuant to 28 U.S.C. §1334(c)(1) and (2) is DENIED as the court finds that: *(1)* mandatory abstention is inappropriate under 28 U.S.C. §1334(c)(2) because this is a core proceeding, Selinger v. Whiteman, (In re Midstate Mortgage Investors, Inc.), 105 Fed. Appx. 420, 422 (3rd Cir. 2004)("mandatory abstention does not apply where the proceeding is core"); LaRoche Ind., Inc. v. Orica Notrogen LLC (In re LaRoche Ind., Inc.), 312 B.R. 249, 253 (Bankr. D. Del. 2004); Koken v. Reliance Insurance Co. (In re Reliance Group Holdings, Inc.), 273 B.R. 374, 391 (Bankr. E.D. Pa. 2002);[1] and *(2)* discretionary abstention

---

1. This adversary complaint requests a determination the Plaintiffs effectively rescinded the reaffirmation agreement in question pursuant to 11 U.S.C. §524(c)(2)(A) and that the debt is issue was discharged pursuant

is inappropriate under 11 U.S.C. §1334(c)(1) since: *(a)* this proceeding involves the fundamental right of a debtor to a "fresh start" and a determination of whether the debt owed to Defendant was discharged, issues which render the proceeding intricately intertwined with the bankruptcy proceeding; and *(b)* state law issues do not predominate over bankruptcy issues in this proceeding. See LaRoche Ind., 312 B.R. at 253.

        IT IS FURTHER ORDERED that a telephonic status conference shall be held

        **On:**    **Thursday, August 4, 2005**

        **At:**    **11:30 a.m.**

        IT IS FURTHER ORDERED that counsel for Plaintiffs shall initiate the telephonic status conference on August 4, 2005 at 11:30 a.m. by calling Chambers, with counsel for Defendant also on the line, at (610) 320-5093.

Reading, PA

THOMAS M. TWARDOWSKI
United States Bankruptcy Judge

---

to 11 U.S.C. §727. As both of these issues "invoke substantive rights provided under Title 11 and are proceedings, that by their nature, could arise only in the context of a bankruptcy case," Reliance Group, 273 B.R. at 392, this proceeding is a core proceeding to which mandatory abstention may not be applied.